Sheri M. Thome, Esq.
Nevada Bar No. 008657
Dustin A. Johnson, Esq.
Nevada Bar No. 009306
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
sheri.thome@wilsonelser.com
dustin.johnson@wilsonelser.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERRIS R. JONES SR., | CASE NO:  2:11-cv-00435-KJD-PAL |
| Plaintiff, | **MOTION FOR EXCEPTION TO REQUIREMENT THAT CARRIER BE IN ATTENDANCE AT SETTLEMENT CONFERENCE** |
| v. | |
| LAS VEGAS VALLEY WATER DISTRICT; PAT MULROY; PATRICIA MAXWELL; ALAN SCHMIDT; JUAN SANJURJO; RICHARD TRITLEY; RICHARD FOX, | ENE Conference
Date: September 13, 2011
Time: 8:30 a.m.
Magistrate Judge Johnston |
| Defendants. | |

I. **INTRODUCTION**

Defendant Las Vegas Valley Water District (the "District") and the individual defendants hereby request that this Court excuse their insurance carrier's presence at the ENE, which is set for September 13, 2011 at 8:30 a.m. Per the Order setting the ENE, "if any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier, with authority to settle this matter up to the full amount of the claim, must also be present in court..." The claims made in this matter are potentially subject to coverage under a Zurich American Insurance Policy, with a self-insured retention of $250,000. Despite the Plaintiff's claimed damages of $1 million, the real economic damages fall within the self-insured retention, and therefore Defendants request that no carrier representative be compelled to fly from Chicago to attend the mediation.

## II.     FACTS IN SUPPORT OF REQUESTED EXCUSE

By way of background, Plaintiff Terris Jones is a security guard at the District. At present, he has two lawsuits pending against the District and several of its employees. Both actions arise from Jones' employment with the District, and both follow administrative charges that he filed with the EEOC. In fact, the second suit is predicated upon an alleged retaliation under Title VII because of the filing of the EEOC claim underlying the first suit.

In April of 2010, Jones filed a Charge of Discrimination with the EEOC, Charge No. 487-2010-00534. The Charge claims that Jones was discriminated against on account of his race. Jones received a right to sue from the Department of Justice on his Charge, and filed suit on November 4, 2010. Jones' Complaint, Case 2:10-cv-01941-GMN-PAL ("the 1941 Action") alleges at least 10 causes of action against LVVWD, and 9 individuals including claims of Title VI violations. The Complaint is based upon several incidents that occurred during his employment, including:

- The manner in which his supervisor treated him (spoken instructions and tone);
- LVVWD's policy on facial hair;
- Other supervisors' false accusations of other officers;
- Failing to be paid timely for his work;
- Retaliation by his supervisors for filing complaints; and
- False accusations by his supervisor, accusing him of speeding.

During the course of the investigation of the first EEOC Charge, Jones filed a second EEOC Charge. The Charge was filed on August 6, 2010 for retaliation, claiming that LVVWD retaliated against Jones after he filed the first Charge. Jones received a right to sue on or about March 16, 2011, and filed the present action on March 24, 2011, alleging 2 causes of action against LVVWD and several individuals, five of which are sued in the 1941 Action.

While Jones claims damages of $1 million, the facts in the case do not support such a claim. Jones is still employed at the District, thus there is no loss of wages. He has disclosed medical bills of less than $250.00. He has no attorney, thus there are no attorneys' fees. As a result, the damages in this matter, even if he is successful, are minimal.

The defendants in this matter do have an insurance policy, with a $250,000 self-insured

retention. The insurance carrier claims representative is located in Chicago, and defendants do not wish to incur the expense of bringing her to the conference when they have such a large retention. Furthermore, a representative of the District will attend the ENE in order to negotiate within the self-insured retention. As a result, Defendants ask this Court to excuse the insurance carrier from attending.

### III. CONCLUSION

Based upon the foregoing, Defendants request that this Court excuse their insurance carrier from attending the ENE.

DATED this 8th day of August, 2011.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: /s/ Sheri M. Thome
Sheri M. Thome, Esq.
Nevada Bar No. 008657
Dustin A. Johnson, Esq.
Nevada Bar No. 009306
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Defendants*

IT IS SO ORDERED. COUNSEL SHALL ENSURE THAT THE INSURANCE REPRESENTATIVE IS AVAILABLE BY TELEPHONE FOR THE DURATION OF THE ENE.

_____
UNITED STATES MAGISTRATE JUDGE
DATE: AUGUST 19, 2011

252509.1