UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRIS R. JONES SR., | |
| Plaintiff, | Case No. 2:11-CV-00435-KJD-PAL |
| v. | **ORDER** |
| LAS VEGAS VALLEY WATER DISTRICT, *et al*., | |
| Defendants. | |

Presently before the Court is the Motion for Costs and Attorneys' Fees (#53) of Defendants Las Vegas Valley Water District, Pat Mulroy, Patricia Maxwell, Alan Schmidt, Juan Sanjurjo, Richard Tritley and Richard Fox (collectively "Defendants"). Plaintiff Terris Jones filed a response in opposition (#61).

I. Background and Procedural History

Plaintiff is a security guard at the Las Vegas Valley Water District. Plaintiff has filed three actions in this district against employees under Title VII for discrimination and retaliation related to his employment. This action, the second of three, was resolved when the Court granted Defendants' Motion for Summary Judgment. (Order, Doc. #48). Defendants then filed the present motion seeking costs and partial attorneys' fees.

II. Motion for Costs and Partial Attorneys' Fees

    A. Costs

Fed. R. Civ. P. 54 provides that costs should be allowed to a prevailing party. Local Rule 54-1 directs the prevailing party to file a verified Bill of Costs. Here, Defendants provided a Bill of Costs in the amount of $3,601.85. Since Defendants prevailed on summary judgment they are granted costs in the amount of $3,601.85.

    B.  Fees

Under Title VII, 42 U.S.C. § 706(k), the prevailing party may be awarded attorneys' fees upon a finding that the plaintiff's action were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 343 U.S. 412, 421 (1978). An action is frivolous when the result appears obvious or the arguments are wholly without merit. Id.  Further, a court has the inherent power to award attorneys' fees when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  The Ninth Circuit requires district courts to consider a pro se plaintiff's financial resources in determining an award of attorneys' fees. *See Horn v. Carter*, 360 Fed. Appx. 851, 2009 WL 5196078 (9th Cir. 2009).

    Plaintiff has filed three lawsuits in this District. One of these cases relates to the same facts and was pending when Plaintiff filed this action.  Plaintiff could have moved to amend his complaint instead of filing a new suit. *See* Case No. 2:10-cv-01941-GMN-PAL. Plaintiff has been deemed a vexatious litigant by this Court for his repeated baseless assertions against co-workers.  See 2:12-cv-00282-KJD-CWH   Dkt. # 35.  In addition, Plaintiff filed numerous frivolous pleadings in this case including a motion to strike answer (#10), motion for summary judgment (#32), motion for leave to amend summary judgment (#35) and a second motion for partial summary judgment (#46). In each case Plaintiff's motions were unsubstantiated, did not comply with the Federal Rules of Civil Procedure, and did not comply with the Local Rules. Even though the motions lacked a legal and/or

factual basis, Defendants were required to prepare and file oppositions to the motions and the Court was required to address them.

Given Plaintiff's litigation history in this District, it is apparent that an award of attorneys' fees is appropriate to deter further harassing and costly litigation and waste of judicial resources. Defendants have submitted an affidavit verifying that $18,167.00 attorneys' fees has been incurred in this suit. It appears that Plaintiff continues to be employed by Defendant Las Vegas Valley Water District, and, accordingly has resources available for payment of attorneys' fees. In light of Plaintiff's *pro se* status, the Court declines to issue a full award. However, due to the unreasonable and frivolous nature of Plaintiff's suit, the Court finds that an award of $1,000 in attorneys' fees is reasonable and appropriate. Accordingly, Defendants are awarded $1,000 in attorney's fees.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Costs and Partial Attorneys' Fees (#53) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants are awarded costs in the amount of $3,601.85.

**IT IS FURTHER ORDERED** that Defendants are awarded attorneys' fees in the amount of $1,000.

DATED this 26th day of July 2012.

_____
Kent J. Dawson
United States District Judge